UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dorothy K. Ming'ate, and Henry M. Ongeri, <br><br> Plaintiffs, <br><br> v. <br><br> Bank of America, N.A., and BAC Home Loan Servicing, LP and Richard W. Stanek, Hennepin County Sheriff, <br><br> Defendants. | **Court File No.** _____ <br><br> **BANK OF AMERICA AND BAC HOME LOAN SERVICING LP'S NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendants Bank of America and BAC Home Loan Servicing LP (collectively, "Bank of America Defendants"), for their Notice of Removal of this case to the United States District Court for the District of Minnesota, state as follows:

1. On or about June 15, 2011, Defendant Bank of America received a Summons and Complaint entitled *Dorothy K. Ming'ate and Henry M. Ongeri, Plaintiffs, vs. Bank of America, N.A. and BAC Home Loan Servicing, LP and Richard W. Stanek, Hennepin County Sheriff, Defendants*, purportedly venued in Hennepin County District Court, Fourth Judicial District, State of Minnesota. A copy of the Summons and Complaint, including exhibits attached to the Complaint, is attached as Exhibit A ("Complaint"). To date, Plaintiffs have not filed their Complaint with the State Court, and there is no file number assigned to this matter.

2. Plaintiffs Dorothy K. Ming'ate and Henry M. Ongeri's (collectively, "Plaintiffs") Complaint alleges that Plaintiffs borrowed $49,000 and $171,500 from Defendant Bank of America's predecessor-in-interest, secured by a mortgage interest in

Plaintiffs' home in Crystal, Minnesota. *See* Ex. A at 2-3, Complaint at ¶¶ 6-8. Plaintiffs defaulted on the loan, *id.* at 4, Complaint at ¶ 17, and foreclosure proceedings followed. *See id.* at 3, ¶ 11. At the resulting Sheriff's sale, the property was sold to Defendant BAC Home Loan Servicing LP for the amount of $183,252.29. *Id.* at 5, ¶ 20.

3. Plaintiffs' Complaint purports to state a claim based on a federal statute and federal regulatory provisions. For example, Plaintiffs allege that "the purported foreclosure violated federal and state laws, including but not limited to Fair Debt Collection Practices Act (FDCPA) . . . ." Complaint at 8, ¶ 34. The Plaintiffs' Complaint further alleges that the Bank of America Defendants acted "in contravention of the Emergency Economic Stabilization Act of 2008 (12 USC 5219) which prohibits foreclosure sales from proceeding when homeowners are under consideration for a federal loan modification program . . . ." Complaint at 9, ¶ 38.

4. Based at least in part on the Bank of America Defendants' purported violation of federal law, including the federal Home Affordable Mortgage Program ("HAMP") guidelines, Plaintiffs purport to state six "claims for relief" under common law. For example, Plaintiffs allege that the Bank of America Defendants are in breach of the covenant of good faith and fair dealing because:

> Defendants are required by various contracts with the United States Government, the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Company ("Freddie Mac") or by the Federal Housing Administration regulations to offer loan modifications or workouts to struggling homeowners. By failing to give the Plaintiffs a reasonable opportunity to access these options, Defendant breached their duty.

Complaint at 13, ¶ 66.

5. Based on these alleged rights under federal statutory and regulatory authority, Plaintiffs seek, among other relief, damages, a judgment "invalidating the purported foreclosure sale of the Plaintiffs' property," and requiring the Bank of America Defendants to "afford Plaintiffs an opportunity to modify their mortgage loan consistent with applicable law and regulations . . . ." Complaint at 15-16 ("Prayer for Relief").

6. Based on the allegations and claims raised in the Complaint, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 (federal question), and which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b). By alleging a cause of action under the Emergency Economic Stabilization Act of 2008, Pub. 1, No. 110-343, § 101, 122 Stat. 3765 (October 3,2008), the federal nature of Plaintiff's case is clear from the face of his complaint. *See Gully v. First Nat. Bank,* 299 U.S. 109, 113 (1936).

7. Undersigned counsel has communicated with Mr. Chuck Selter, Hennepin County Attorney's Office, the counsel for the other putative Defendant in this action, Richard W. Stanek, Hennepin County Sheriff. Sheriff Stanek does not object to this removal. Moreover, because Plaintiffs do not assert a cause of action against Sheriff Stanek and does not seek relief from this defendant, the Court may conclude that Sheriff Stanek was fraudulently joined in this action. In the absence of Sheriff Stanek, this Court also enjoys diversity jurisdiction because the Plaintiffs are completely diverse from the Bank of America Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (a).

8. To the extent that Plaintiff would attempt to construe his Complaint as alleging a state-law cause of action, then it too would be subject to the Court's supplemental jurisdiction under 28 U.S.C. § 1441(c), as any such claim would arise from the same nucleus of operative facts.  *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . "); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988).

9. On the same date as this Notice of Removal was signed, the Bank of America Defendants served by mail a copy of this Notice of Removal upon Plaintiffs at the address set forth in the Complaint:  Henry Mokua Ongeri, *pro se* Plaintiff and attorney for Dorothy K. Ming'ate, 7515 Wayzata Boulevard, Suite 131, St. Louis Park, MN 55426.

10. On the same day this Notice of Removal was signed, Defendants served and filed by messenger a copy of this Notice of Removal with the District Court Administrator for Hennepin County, Fourth Judicial District, Minnesota, the district in which this action was purportedly commenced at the time this Notice of Removal was filed with this Court.

**WHEREFORE**, the Bank of America Defendants respectfully requests that the above-entitled action now pending against them in the Hennepin County District Court, Fourth Judicial District, Minnesota, be removed therefrom to this Court.

**Fulbright & Jaworski L.L.P.**

Dated: July 5, 2011

/s/ Andre Hanson
Ronn B. Kreps (#0151142)
Andre Hanson (#0258234)
Leaf Dilts McGregor (#0389140)
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2112
Telephone (612) 321-2800
Facsimile (612) 321-2288

***Attorneys for Defendants***